E-FILED
Tuesday, 25 June, 2013  03:41:24 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| **RONNIE MOORE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 13-CV-2026 |
| v. | ) | |
| | ) | |
| **WEXFORD HEALTH SOURCES, INC,** | ) | |
| **DR. BURRELL, VICTOR CALLOWAY,** | ) | |
| **MARY MILLER, and J. OAKELY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**OPINION**

This case is before the court on Plaintiff's pro se Motion for Temporary Restraining Order and Preliminary Injunction. (#4). The court has reviewed Plaintiff's motion. Following this review, Plaintiff's Motion (#4) is DENIED without prejudice.

On January 29, 2013, Plaintiff filed his Complaint alleging that while he was an inmate at the Danville Correctional Center, he did not receive adequate dental care. (#1). Plaintiff alleges that due to his several broken teeth, he is in constant pain, and that as of November 16, 2012, he was told that the earliest he could receive dental care would be in 20 months. (#1). Also on January 29, 2013, Plaintiff filed this Motion for Temporary Restraining Order and Preliminary Injunction. (#4). On March 28, 2013, this court held a merit review hearing and allowed Plaintiff to proceed with his claim. On April 18, 2013, Plaintiff filed an amended complaint. (#7).

In his Motion, Plaintiff argues that he has been in pain due to his broken teeth, and seeks an order requiring Defendants to give him immediate dental care. (#1). "A plaintiff seeking a

preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Seventh Circuit recently recognized that although "prisoners are not invariably wrong… a prisoner's view of optimal medical treatment can be a weak ground for superseding the views of competent physicians." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 682 (7th Cir. 2012). Further, that Court stated that "[u]ntil evidence has been submitted, it is not possible to know whether [the plaintiff] really is suffering irreparable harm and otherwise has a good claim for relief." *Wheeler,* 689 F.3d at 682. At this stage of the proceedings, Defendants have not been served and none has appeared in this action. Before this court takes the extraordinary step of awarding injunctive relief, it must be advised of Defendants' response to Plaintiff's request and hear evidence on the issue. This court has yet to set a scheduling order and order that Defendants be served. After Defendants have appeared, Plaintiff may re-file his Motion. Plaintiff's motion is DENIED at this time without prejudice.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's pro se Motion (#4) is DENIED.

(2) A telephone status conference between the court, Plaintiff, and defense counsel is set for July 31, 2013, at 10:30am.

ENTERED this 25th day of June, 2013

**s/ Michael P. McCuskey**

MICHAEL P. McCUSKEY
U. S. DISTRICT JUDGE